**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KARL VULTEE,

: 

Petitioner, Case No. 3:10-cv-278

: District Judge Walter Herbert Rice

-vs- Magistrate Judge Michael R. Merz

WARDEN SHEETS,

:

Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

This is an action on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is serving a sentence of sixty-nine years to life on his convictions for aggravated murder with a firearm specification, three counts of felonious assault with firearm specifications, failure to comply with the lawful order of a police officer, and criminal damaging. *See State v. Vultee*, 2008 Ohio Misc. LEXIS 321 (Mont. Cty. C.P. Jan. 7, 2008). The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

Petitioner was convicted in March, 1992. On April 24, 1996, the United States Congress enacted Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which included a one-year statute of limitations. Prior to adoption of the AEDPA, there had never been a statute of limitations on habeas corpus petitions, although the Rules Governing §2254 Proceedings permitted dismissal on a laches basis if the Petitioner's delay had prejudiced the State's ability to defend. Thus a habeas petitioner could file at any time. In passing

the AEDPA, Congress did not adopt a grace period during which habeas claims which had accrued more than a year prior to April 24, 1996, could be filed. The absence of such a grace period would have rendered the new statute of limitations unconstitutional as to any habeas claims which accrued before April 24, 1996. *Block v. North Dakota,* 461 U.S. 273, 286 at n. 23, 103 S. Ct. 1811, 75 L. Ed. 2d 840 (1983); *Texaco, Inc., v. Short,* 454 U.S. 516, 527 at n. 21, 102 S. Ct. 781, 70 L. Ed. 2d 738 (1982), *quoting Wilson v. Iseminger*, 185 U.S. 55, 22 S. Ct. 573, 46 L. Ed. 804 (1902); *Terry v. Anderson*, 95 U.S. 628, 24 L. Ed. 365 (1877); *Sohn v. Waterson*, 84 U.S. 596, 21 L. Ed. 737 (1873). Therefore, no petition filed on or before April 24, 1997 — one year from the date of AEDPA's enactment — may be dismissed for failure to comply with §101's time limit. *Brown v. O'Dea*, 183 F.3d 572 (6th Cir. 1999).

With respect to those prisoners whose convictions became final prior to April 24, 1996, the statute began to run on that date and expired one year later, on April 24, 1997. The Petition in this case was not filed until July 15, 2010, more than thirteen years later.

As to why he waited so long to file, Petitioner asserts that he was mentally incompetent at the time he was convicted (as found by doctors at the time), that he was never treated for his mental illness until he was sentenced to prison, and it "took years to restore brain faculty." (Petition, Doc. No. 2, at 14.) Petitioner's claims in this case are that his guilty pleas in the case are not knowing, intelligent, and voluntary because he was mentally incompetent to enter them. On this issue of his mental competency, Judge Hall, in denying his motion to withdraw his guilty plea, quoted the Court of Appeals on direct appeal as follows: "The finding of the trial court that appellant was competent to stand trial and was competent to intelligently enter a voluntary guilty plea was supported by competent, credible evidence. A review of the testimony indicates that there was no error in this

respect. The second assignment of error is denied." State v. Vultee, 2008 Ohio Misc. LEXIS 321 at * 2, quoting *State v. Vultee*, Montgomery App. No. 13581, 1994 Ohio App. LEXIS 2341 (June 3, 1994). The question of whether a criminal defendant is competent to stand trial is a question of fact on which this Court must accept the factual findings of the state courts, in the absence of circumstances not present here. Therefore Petitioner cannot excuse his untimeliness by claiming mental illness as that issue has been decided against him by the state courts.

## Conclusion

The Petition is barred by the statute of limitations and should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, the Court should certify that any appeal would be frivolous and deny any requested certificate of appealability.

July 15, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Vultee Habeas 2244 R&R.wpd