# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KARL VULTEE,

    Petitioner,

:

Case No. 3:10-cv-278

:

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

    -vs-

WARDEN SHEETS,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations (Doc. No. 4) recommending the Petition herein be dismissed as barred by the statute of limitations. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner pled guilty to aggravated murder in 1992 and the capital specifications in his Indictment were tried before a three-judge panel consisting of Judges Walter A. Porter, George J. Gounaris, and Robert D. Nichols. The panel determined beyond a reasonable doubt the existence of the specification of prior calculation and design and that the victim was a peace (Dayton Police Officer Stephen Whelan), but not the existence of the specification that the murder was committed for the purpose of escaping detection or apprehension for another offense (Opinion attached as exhibit to Objection, PageID 31). The panel also determined the existence of the third mitigating

factor in Ohio Revised Code § 2929.04(B), to wit, that Petitioner at the time of the offense lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. *Id..*, PageID 32. Finally, the panel held that the aggravating circumstance did not outweigh this mitigating factor beyond a reasonable doubt. *Id..*

Petitioner appealed from the determination of the trial court that he was competent to stand trial and to enter a guilty plea. The Court of Appeals upheld that determination. *State v. Vultee*, 1994 Ohio App. LEXIS 2341 (2nd Dist. June 3, 1994). Petitioner admits no further appeal was taken to the Ohio Supreme Court.

So far as the record shows, the next thing Petitioner did was to file a motion to withdraw his guilty plea in the Montgomery County Common Pleas Court on November 9, 2007. Judge Michael Hall of that court denied the motion on January 7, 2008. *State v. Vultee*, 2008 Ohio Misc. 321. Petitioner appealed to the Montgomery County Court of Appeals which affirmed the judgment on December 30, 2009. *State v. Vultee*, 2009 Ohio App. LEXIS 5898. Petitioner filed in this Court on July 15, 2010, a little over six months later.

In the Report and Recommendations, the Magistrate Judge calculated that the statute of limitations had begun to run on the date the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") became effective, April 24, 1996, and expired a year later on April 24, 1997.

Petitioner objects that there is no statute of limitations on withdrawal of guilty pleas, citing *United States v. Littlefield,* 105 F.3d 527 (9th Cir. 1997). *Littlefield* holds nothing like this; it is concerned with the question when a federal criminal defendant can appeal a sentence. Nor is there any other case law known to the Magistrate Judge which exempts from the one-year statute of

limitations habeas corpus cases in which petitioners claim that there guilty pleas were not knowing, intelligent, or voluntary.

Petitioner also claims he was mentally incompetent for many of the intervening years, entitling him to equitable tolling.  The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)**.** In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000)."  *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001).

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling.  *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002).  Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.  *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), citing *Graham Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000).  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Id..* at 561. Equitable tolling should be granted sparingly.  *Solomon v. United States*, 467 F.3d 928, 033 (6th Cir. 2006).

Given the relevant factors, Petitioner is not entitled to equitable tolling because he has not shown his Petition was filed within a reasonable time after he became competent.  From the record, it appears he was competent at least as of November, 2007, when he filed *pro se* his motion to withdraw guilty plea on the same basis he claims here.  Assuming that was the earliest date at which he was competent, he waited two and one-half years after that date to file his Petition.

Petitioner might argue that his time to file was tolled during the period November, 2007, to December, 2009, because he had a pending motion to withdraw in the state courts.  However, the statute of limitations is tolled only by the pendency of a properly filed collateral attack, and Judge Hall held that Ohio courts do not have jurisdiction to consider a motion to withdraw on a basis which has previously been affirmed by the court of appeals.

Based on this analysis, it is again respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations.

July 27, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days

after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).