**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KARL VULTEE,

    Petitioner,

:

Case No. 3:10-cv-278

    -vs-

:

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

WARDEN SHEETS,

    Respondent.

:

**SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

This habeas corpus action is before the Court on Petitioner's Objections (Doc. No. 7) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 6) recommending the Petition herein be dismissed as barred by the statute of limitations. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner was convicted of aggravated murder in 1992, but did not file this habeas case until July 15, 2010. In the original Report and Recommendations, the Magistrate Judge concluded that the Petition was barred by the statute of limitations. Mr. Vultee objected that there is no time limit on a motion to withdraw a guilty plea in Ohio, relying on certain case law. In the Supplemental Report and Recommendations, the Magistrate Judge pointed out that the cited law was inapplicable. Petitioner now relies on other Ohio law, citing *State v. Humphrey*, 2002 Ohio 6525 (Ohio App. 2d Dist. Nov. 27, 2001); *State v. Bush*, 96 Ohio St. 3d 235 (2002); *State v. Mays*, 174 Ohio App. 3d 681

-1-

(Ohio App. 8th Dist. 2008); and *State v. Smith*, 49 Ohio St. 2d 261 (1977). He then asserts "It is common knowledge among judges and prosecutors that there is no time limit on a guilty plea withdrawal so the antiterrorism act of 1996 does not apply to guilty plea withdrawals." (Objection, Doc. No. 7, PageID 49).

In *State v. Bush, supra,* the Ohio Supreme Court held that the time limitations on filing an Ohio petition for post-conviction relief under Ohio Revised Code § 2953.21 do not apply to motions to withdraw guilty pleas under Ohio R. Crim. P. 32.1. However, the Ohio Supreme Court's ruling has no application to federal habeas corpus. It is the Congress of the United States which adopted the one-year statue of limitations in 28 U.S.C. § 2244 and the Ohio Supreme Court would have no power to override that statute, even if that was what they had attempted to do in *Bush*. Nor is it "common" knowledge that the AEDPA does not apply to withdrawals of guilty pleas. So far is it from being "common knowledge" that this Court knows of no case making that holding and has routinely applied the statute of limitations to cases involving guilty pleas without having any question raised (until now) by habeas petitioners, reviewing district judges, or the Sixth Circuit.

Petitioner also objects that his time to file has not run because he filed here less than a year after being denied jurisdiction in the Ohio Supreme Court on his appeal from denial of his motion to withdraw. The chronology is this: the conviction occurred in 1992. It was affirmed on direct appeal by the Ohio Second District Court of Appeals in 1994. *State v. Vultee,* 1994 Ohio App. LEXIS 2341 (June 3, 1994). Petitioner filed his motion to withdraw guilty plea November 9, 2007, and it was denied by Judge Hall in the Common Pleas Court January 7, 2008. *State v. Vultee*, 2008 Ohio Misc. LEXIS 321. That decision was affirmed on appeal December 30, 2009. *State v. Vultee*, 2009 Ohio 7053, 2009 Ohio App. LEXIS 5898 (Ohio App. 2nd Dist.). As shown by the Ohio

Supreme Court docket ( PageID 53), Mr. Vultee appealed to the Ohio Supreme Court on February 1, 2010. That court declined to exercise jurisdiction on April 14, 2010. *State v. Vultee*, 124 Ohio St. 3d 1542, 924 N.E. 2d 845.

Mr. Vultee correctly notes that a habeas petitioner is required to exhaust available state remedies before presenting a claim in federal court. However, the fact that a petitioner may have a state remedy which he can exercise after the federal statute of limitations expires does not mean the statute starts all over again. The AEDPA statute of limitations can be tolled (interrupted) by the filing of a proper application for state collateral relief, but it is not re-started by such a filing. See *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000); *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001).

In this case, the statute of limitations began to run on the date the AEDPA was enacted (April 24, 1996) and expired April 24, 1997, more than twenty years before Mr. Vultee filed his motion to withdraw his guilty plea, and more than twenty-three years before he filed his Petition. The Petition here is plainly barred by the statute of limitations and should be dismissed with prejudice.

August 19, 2010.

s/ **Michael R. Merz**<br>
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).