IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KARL VULTEE, :

      Petitioner, :

                         Case No. 3:10-cv-278

      vs. :

                         JUDGE WALTER HERBERT RICE

WARDEN SHEETS, :

      Respondent. :

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS (DOC. #4), SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #6), AND SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #8) OF THE UNITED STATES MAGISTRATE JUDGE IN THEIR ENTIRETY AND OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. # 5, 7, AND 9); DECISION AND ENTRY OVERRULING PETITIONER'S OBJECTIONS TO ORDER DENYING APPOINTMENT OF COUNSEL (DOC. #13); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; ANTICIPATED REQUEST FOR CERTIFICATE OF APPEALABILITY AND REQUEST TO APPEAL IN FORMA PAUPERIS DENIED; TERMINATION ENTRY

Based on the reasoning and citations of authority set forth in the Report and Recommendations of the United States Magistrate Judge, filed July 15, 2010 (Doc. #4), the Supplemental Report and Recommendations, filed July 27, 2010 (Doc. #6), and the Second Supplemental Report and Recommendations, filed August 19, 2010 (Doc. #8), as well as on a thorough *de novo* review of this Court's file and the applicable law, those judicial filings are adopted in their entirety.

Petitioner's Objections to those judicial filings (Docs. #5, 7, and 9) are overruled. Judgment will be ordered entered in favor of Respondent and against Petitioner, dismissing the Petition for Writ of Habeas Corpus with prejudice as barred by the statute of limitations.

In so ruling, the Court notes that the case that Petitioner relies upon in his Objection to the Second Supplemental Report and Recommendations, *Peoples v. Moore*, No. 1:06-cv-791, 2008 WL 2498136 (S.D. Ohio June 18, 2008), does not lend any support to Petitioner's claim that he should not be bound by AEDPA's one-year statute of limitations. In that case, the petitioner's motion to withdraw his guilty plea was construed by the state courts as a petition for post-conviction relief. Because it was not filed within 180 days after the expiration of the time for appeal, as required by Ohio Revised Code § 2953.21, it was dismissed as untimely. Peoples filed his petition for a writ of federal habeas corpus in a timely manner, but his claims were found to be procedurally defaulted.

As the Magistrate Judge noted in the Supplemental Report and Recommendations, there appears to be no case law exempting petitioners who claim that their guilty pleas were not knowing, intelligent, and voluntary from AEDPA's one-year statute of limitations. In addition, Petitioner has not shown that the statute of limitations should be equitably tolled.

The Court also overrules Petitioner's Objection to the Magistrate Judge's January 14, 2011, Decision and Order Denying Appointment of Counsel (Doc. #13).

Because Petitioner's federal habeas claims are clearly time-barred, the Court agrees with the Magistrate Judge that attorney advocacy would not change the outcome.

Given that Petitioner has failed to make a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among jurists of reason, Petitioner is denied a certificate of appealability. Moreover, given that any appeal from this Court's decision would be <u>objectively</u> frivolous, Petitioner is denied leave to appeal in forma pauperis.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 29, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Karl Vultee

3